**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BRICE A. SIMPSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18−cv–2069−SMY** |
| | ) | |
| **IDOC,** | ) | |
| **M. SWALLS, and** | ) | |
| **M. ETHRIDGE-HICKS** | ) | |
| | ) | |
| **Defendants.** | | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Brice A. Simpson, an inmate who is currently incarcerated at Menard Correctional Center, filed this *pro se* action pursuant to 42 U.S.C. § 1983[1] for deprivations of his constitutional rights while he was in custody at Vienna Correctional Center.  Plaintiff requests monetary damages and equitable relief.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a)   **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b)   **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1)    is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2)    seeks monetary relief from a defendant who is immune from such relief.

---

[1] Plaintiff's Complaint form indicates that he is proceeding pursuant to 28 U.S.C. § 1331 and making a *Bivens* claim, but as those provisions only apply to prisoners in federal custody, the Court will broadly construe the Complaint as one pursuant to 42 U.S.C. § 1983.

**The Complaint**

Plaintiff makes the following allegations in the Complaint: Plaintiff is a sex offender. (Doc. 1, p. 4). Correctional officers talk about sex offenders which places Plaintiff at risk. *Id*. Plaintiff was attacked by five other inmates on August 25, 2018. *Id*. Warden Swalls knew that Plaintiff was attacked, but his assailants were never properly punished. *Id*. Plaintiff does not feel safe because he believes officers will let other offenders say and do whatever they like towards sex offenders. (Doc. 1, pp. 4-5).

Based on the allegations in the Complaint, the Court finds it convenient to designate the following single Count:

> **Count 1:** Defendants failed to protect Plaintiff in violation of the Eighth Amendment.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

**Discussion**

As an initial matter, because it is a state governmental agency, the Illinois Department of Corrections ("IDOC") is an improper defendant and must be dismissed with prejudice. This is so because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).

Additionally, Plaintiff has listed M. Ethridge-Hicks as a defendant, but he or she is not mentioned in his statement of claim. Plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the Complaint, if any, are directed against him. Moreover, merely invoking the name of a potential defendant is insufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). In consideration of these standards and principles, Plaintiff has not adequately stated a claim against M. Ethridge-Hicks.

While Plaintiff does mention Defendant Swalls in the statement of claim, the Complaint must be dismissed at this time for failure to state a claim upon which relief may be granted. In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). But not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. Rather, in order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions

posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). Conduct that amounts to negligence or inadvertence is not enough to support a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Here, Plaintiff does not sufficiently allege that Swalls was deliberately indifferent to a risk to Plaintiff's safety as he does not allege that Swalls knew he was in danger of being attacked prior to the incident. Obviously, if Swalls did not know of Plaintiff's increased risk of attack, she could not have been deliberately indifferent to it. The gist of Plaintiff's claim appears to be that he was attacked by five inmates, but only one of those individuals was punished because he falsely confessed to attacking alone. However, Plaintiff has no constitutional right to enforce prison discipline against other individuals. Accordingly, Plaintiff has failed to state a viable claim for relief against Swalls.

### Motion to Appoint Counsel

Plaintiff also moves the Court to appoint him counsel. (Doc. 3). A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the court.

*See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

The Court finds that Plaintiff has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). Plaintiff's Motion left the section blank that asks about his attempts to recruit counsel. The Court therefore presumes that Plaintiff has made no attempt to recruit counsel for this case on his own. As Plaintiff has failed to make his threshold showing, the Court will not recruit counsel for him at this time. Plaintiff's Motion is **DENIED**. (Doc. 3). Should Plaintiff wish to request counsel at a future time, he should contact at least three legal service providers and provide the names, addresses, and any correspondence rejecting his case to the Court in support of his motion.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint does not survive screening pursuant to 28 U.S.C. § 1915A and is therefore **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. The Illinois Department of Corrections is **DISMISSED with prejudice** as an improper defendant.

The Clerk of the Court is **DIRECTED** to terminate the following parties in CM/ECF: Illinois Department of Corrections

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before February 4, 2019, alleging any facts that may support his Eighth Amendment failure to protect claim. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. Section 1915(g).

It is strongly recommended that Plaintiff use the form designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for this action 18-cv-2069-SMY

Plaintiff is warned that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the amended complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus,

the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. Section 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/7/2019**

s/ STACI M. YANDLE
**United States District Judge**

7