IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRICE A. SIMPSON, #M31008, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-cv-2069-RJD |
| ) | |
| MATTHEW SWALLS and MARIBETH ) | |
| ETHRIDGE-HICKS, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants' Motion for Summary Judgment on the Issue of Exhaustion (Doc. 32) and Supporting Memorandum of Law (Doc. 34). Plaintiff responded (Doc. 39). This matter also comes before the Court on Plaintiff's Motion to Appoint Counsel (Doc. 38) and Motion for Leave to File an Amended Complaint (Doc. 40). As explained further, Defendants' Motion for Summary Judgment is GRANTED. Plaintiff's Motion to Appoint Counsel and Motion for Leave to File an Amended Complaint are DENIED.

**Background**

Plaintiff is an inmate incarcerated within the Illinois Department of Corrections. He was housed at Vienna Correctional Center ("Vienna") in 2018. Plaintiff alleges that in April and May 2018, he alerted a mental health official that he was in danger of being attacked by other inmates, and Defendants Swalls (the warden at Vienna) and Ethridge-Hicks[1] became aware that Plaintiff

---

[1] Ethridge-Hicks' position at Vienna in 2018 is unclear. She signed Plaintiff's grievance as a grievance officer, but Plaintiff's counseling summary lists her as a counselor. In her Answer to Plaintiff's Amended Complaint, she denied that she was a counselor or a grievance officer.

was in danger. Plaintiff was then involved in an altercation with other inmates on August 25, 2018. He claims that Defendants Swalls and Ethridge-Hicks violated his Eighth Amendment rights by failing to adequately protect him from the August 25, 2018 altercation.

In their Motion for Summary Judgment, Defendants contend that Plaintiff failed to exhaust his administrative remedies against Plaintiff. The Court reviews the following grievance contained in the record:

> **August 30, 2018:** Plaintiff filed a two-page grievance in which he recounted his August 25, 2018 altercation with other inmates. He further noted that he believed he had been unfairly disciplined for the altercation. Defendant Ethridge-Hicks reviewed the grievance and recommended that the grievance be denied, finding that Plaintiff's discipline related to the altercation was within department guidelines. Warden Swalls concurred with the recommendation. Warden Swalls signed the grievance on September 18, 2018.

Doc. 15, p. 9-11.

Plaintiff filed this suit on November 18, 2018. Defendants argue that the August 30, 2018 grievance was never submitted to the Administrative Review Board ("ARB"), and that Plaintiff did not identify Defendants or his complaints about them in the grievance. In his Response to Defendants' Motion for Summary Judgment, Plaintiff represents that by the time the grievance was returned to him, more than 30 days had passed since Defendant Swalls reached his decision and so he did not submit it to the ARB.

On November 9, 2020, the Court held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Plaintiff testified that he did not submit the August 30, 2018 grievance to the ARB because by the time it was returned to him, more than 30 days had passed since Warden Swalls signed it. Plaintiff also testified generally that he submitted other grievances against Defendants.

## **Legal Standards**

### *Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

### *Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a)

should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor. 20 ILL. ADMIN. CODE § 504.810(a). The grievance must contain the following:

> ….factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.870(b). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e). Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing with the Court in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the

preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

## Discussion

The Court finds that Plaintiff failed to exhaust his administrative remedies against Defendants Swalls and Ethridge-Hicks prior to filing suit. Plaintiff's August 30, 2018 grievance does not identify either Defendant Swalls or Ethridge-Hicks, nor does it mention Plaintiff's allegations against Defendants-that they knew he was in danger prior to the August 25, 2018 altercation. One of the purposes of the grievance requirement is to alert prison officials to issues in the prison, and this grievance does not identify the alleged issue that Defendants failed to protect Plaintiff from being attacked by other inmates. Consequently, because Plaintiff did not identify Defendants Swalls and Ethridge-Hicks (or their alleged failure to protect him) in the August 30, 2018 grievance, he failed to exhaust his administrative remedies against them.

The *Pavey* hearing was the first time Plaintiff contended that he submitted other grievances regarding the allegations in this lawsuit. He did not provide specific details regarding this contention. The Court does not find this testimony credible. Accordingly, Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies is GRANTED.

## Plaintiff's Motion for Leave to File Amended Complaint

Plaintiff filed a Motion for Leave to Amend his Complaint on October 14, 2020. On November 9, 2020, the Court entered an Order, noting that Plaintiff did not submit a proposed amended Complaint with the motion. This Court's Local Rule 15.1 requires litigants to submit the proposed amend pleading itself with a motion for leave to amend.[2] Plaintiff was ordered to submit a proposed amended complaint on or before November 30, 2020, or his motion would be

---

[2] The Court had previously advised Plaintiff of Local Rule 15.1 and the proper procedure for filing a Motion for Leave to Amend the Complaint in the Scheduling Order found at Doc. 29.

denied.  Plaintiff never submitted a proposed amended complaint.  Plaintiff's Motion for Leave to Amend his Complaint is therefore DENIED.

## Conclusion

For the above reasons, Defendants' Motion for Summary Judgment on the Issue of Exhaustion (Doc. 32) is GRANTED.  Plaintiff's Motion for Leave to Amend the Complaint (Doc. 40) is DENIED.  Plaintiff's Motion to Appoint Counsel (Doc. 38) is DENIED AS MOOT. This matter is **DISMISSED WITHOUT PREJUDICE**.  The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   December 22, 2020**

*s/ Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**